People v St. Marc (2025 NY Slip Op 50355(U))

[*1]

People v St. Marc

2025 NY Slip Op 50355(U)

Decided on March 21, 2025

District Court Of Nassau County, First District

Wright, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 21, 2025
District Court of Nassau County, First District

People of the State of New York

against
Reuben St. Marc, Defendant.

Docket No. CR-005196-24NA

Anne T. Donnelly, District Attorney, Nassau County, Attorney for Plaintiff, 262 Old Country Road, Mineola, New York 11501, 516-571-3800; Steven B. Epstein, Esq., Attorney for Defendant, 666 Old Country Road, Suite 700, Garden City, New York 11530, 516-745-1500

David W. Wright, J.

PAPERS CONSIDERED NUMBERED
Notice of Omnibus Motion 1
Affidavit in Opposition 2
Supplemental Affirmation in Opposition 3
Supplemental Affirmation in Reply 4
The defendant moves for an order, inter alia, declaring the People's certificate of compliance (COC) invalid and, consequently, dismissing the accusatory instruments pursuant to CPL 30.30(1)(b).
On March 26, 2024, the defendant was arraigned on charges including driving while intoxicated (VTL 1192[3]), an unclassified misdemeanor. Accordingly, the People had until June 24, 2024, to file COC and certificate of readiness (COR). The People filed COC and COR on June 21, 2024.
The main issue presented here, is the People's failure to provide audit trail data related to body worn camera (BWC) video recordings for law enforcement personnel at the scene of the defendant's arrest. The People's initial response to the defendant's motion appeared to indicate that the Nassau County Police Department (NCPD) no longer provides the District Attorney's office with "BWC maps." A conference was held on this motion at which it was agreed that the People would be given an opportunity to provide a more complete explanation as to the existence [*2]of audit trails and defense counsel would have an opportunity to reply. 
The first question to be addressed in any CPL 245.20 discovery dispute is whether the information sought by defense counsel is subject to the automatic discovery obligations of the statute. CPL 245.20 is a broad, inclusive discovery statute that requires the People to provide all information related to the subject matter of the case (William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 245.10; see also; People v Clark, 83 Misc 3d 1295[A] [Dist. Ct., Nassau Co., 2024]; People v. Trotman, 77 Misc 3d 1210(A)[Crim. Ct. Queens Co. 2022]; People v. Sozoranga Palacios, 73 Misc 3d 1214(A)[Crim. Ct. NY Co. 2021]). While the statute provides a list of automatically discoverable information, it is not an exhaustive list and the statute clearly states that the People's obligations for providing discovery include, but are not limited to, the items on the list (see People v Bay, 41 NY3d 200 [2023]). Indeed, CPL § 245.20(7) emphasizes that, "There shall be a presumption in favor of disclosure when interpreting sections 245.10 and 245.25, and subdivision one of section 245.20."
In any event, BWC audit trails fall within several categories of automatically discoverable information. As BWC audit trails may contain notes and comments by law enforcement personnel, they are automatically discoverable pursuant to CPL 245.20(1)(e). Audit trails would also fall with in the category of electronically created, stored or obtained information on behalf of law enforcement, even if it is a private company (CPL 245.20[1][u][i][B]). Further, the audit logs may contain information that would be admissible as impeachment evidence at a hearing or a trial (CPL 245.20[1][k][iv]).
While there have been differing opinions from trial courts regarding whether audit trails are subject to automatic disclosure, the vast majority of decisions have held that audit trails are subject to automatic discovery (see People v Bresnan, 85 Misc 3d 280 [Town Ct. Monroe Co. 2024]; People v. Torres, 79 Misc 3d 1204[A] [Crim. Ct., Queens Co. 2023]; People v. Champion, 81 Misc 3d 292 [Crim. Ct., New York Co. 2023]; People v. Ballard, 82 Misc 3d 403 [Crim. Ct., Queens Co. 2023]; People v. Rollerson, 82 Misc 3d 1212[A] [Crim. Ct., Bronx Co. 2024]; People v. Cumbe, 82 Misc 3d 1242(A) [Crim. Ct., Kings Co. 2024]; People v. Shar, 82 Misc 3d 1251[A] [Crim. Ct., Richmond Co. 2024]; People v. Duran, 83 Misc 3d 1007 [Crim. Ct., Bronx Co. 2024]; People v. Budhu, 2024 WL 3894593 [Crim. Ct., Queens Co. 2024]; People v. J.M.W, 2024 WL 4157986 [Sup. Ct., Kings Co. 2024]; People v. Robert K, 83 Misc 3d 1229[A] [Crim. Ct., New York Co. 2024]; People v. Gourdine, 83 Misc 3d 1264(A) [Sup. Ct., Kings Co. 2024]).
Accordingly, I hold that audit trail data is included in the People's automatic discovery obligations.
There is no dispute that, in this case, the People failed to turn over the audit trail information. The People's explanation for not turning over the audit trails, through an affidavit of an NCPD supervisor of the BWC Unit, is that the NCPD has contracted with a private company, GETAC, for its BWCs. Essentially, the People assert that the audit trails are not [*3]provided under that contract, but that "metadata" is provided which contains all of the information the audit trails would provide. This assertion is troubling for two reasons. 
First, there is no statement from the supervisor that the audit trails do not exist, only that the NCPD is not provided that information pursuant to the contract with GETAC. This position is untenable. To say that otherwise discoverable information does not have to be provided to the defendant merely because of a contract limitation between law enforcement and a third party vendor would allow the People and law enforcement to potentially avoid disclosure of numerous items while hiding behind a contract to which the defendant was not privy. For example, if the NCPD decided to have blood test results performed by a private company and the contract did not provide for complete results, under the People's theory the defendant would not be entitled to that information, even though the results exist. 
Second, the People are once again deciding what is discoverable and what is not discoverable. That is not the function of the prosecution, but rather the function of the court. The People can not unilaterally decide that something is not discoverable or that the defense is getting all it needs in a different form. If the People believe certain information should not be turned over, they have a statutory procedure available to seek a protective order.
This is not a case where the evaluation of the People's due diligence is necessary as it is the People's position that they have provided all they are required to provide. Which, as indicated above, is incorrect.
Accordingly, the People's COC filed June 21, 2024, is invalid and the portion of the defendant's motion seeking an order dismissing the accusatory instruments pursuant to CPL 30.30(5) is granted.
All applications not specifically addressed are hereby Denied.
This constitutes the Decision and Order of the Court.
HON. DAVID W. WRIGHT, J.D.C.
Dated: March 21, 2025